## 920

### THE BAKER BROTHERS.

District Court, E. D. New York. September 7, 1928.

Foley & Martin, of New York City, for Samuel P. Hooten et al. and James Shewan & Sons.

Baldwin, Barns & Stapleton, of New York City, for Cory Mann George Corporation.

Crowell & Rouse, of New York City, for United Marine Contracting Co.

Macklin, Brown, Lenahan & Speer, of New York City, for M. J. Mahar.

Dunnington, Walker & Gregg, of New York City, for North River Coal & Wharf Co.

CAMPBELL, District Judge. This is a motion for an order of distribution. The steam tug Baker Brothers was sold under decree of this court, and there remains in the registry of this court a sum insufficient to pay all the decrees that have been entered in full; the decree for wages having already been paid in full as a priority claim.

The libelant Mahar has a decree for damages in a tort action. The libelants Cory Mann George Corporation, Samuel P. Hooten et al., United Marine Contracting Company, James Shewan & Sons, and B. A. Guinan, Inc., have decrees for supplies furnished to the vessel subsequent to the happening of the collision on which the Mahar claim is founded. The libelant North River Coal & Wharf Company has a decree based on coal furnished to the vessel before the happening of the collision on which the Mahar claim is based.

The question here presented is not that of priority between the contract claims subsequent to the collision, but between the tort claims and the contract claim for coal furnished more than 6 months before the collision. The 40-day rule has no application here, as none of the claims come within that rule, and all of the supply claims subsequent to the collision have priority over the tort claim and must share equally.

The claim of the libelant North River Coal & Wharf Company was not on the same voyage as the tort claim of Mahar, because it arose more than 6 months before the collision, and the substitute for the voyage has apparently been considered as 40 days. While it is clearly recognized as the law that supply claims of the same voyage with and of voyages subsequent to the collision have priority over the tort claim, I can find no authority which prefers a supply claim for a prior voyage. The Interstate No. 1 (C. C. A.) 290 F. 927, 931; The Samuel Little (C. C. A.) 221 F. 314; The Glen Island (D. C.) 194 F. 744; The Proceeds of the Gratitude (D. C.) 42 F. 299.

Motion granted.